## Polly Dunham, Appellant, v. Estate of Abraham Stephens, Deceased, Appellee.

WILLS, § 494*—*when portion of legacy remaining after reduction by compromise agreement becomes intestate estate.* Where, upon a will contest, certain legatees entered into a compromise agreement with the contestants to take a less sum than the full amount of their legacies to avoid the litigation, and the money was so paid by the administrator with the will annexed to a trustee for the legatees as provided by the agreement, *held* that the money thus saved did not belong to the contestants, but became intestate estate and descended to the heirs.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed October 16, 1914. Rehearing denied December 10, 1914.

LIVINGSTON & BACH and THURMAN, HUME & KENNEDY, for appellant.

DEMANGE, GILLESPIE & DEMANGE and WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is an appeal from the order of the Circuit Court of McLean county, sustaining a demurrer filed by the administrator with will annexed, of the estate of Abraham Stephens, deceased, and certain of his legatees, to the petition of appellant, Polly Dunham, praying for an order of distribution. The petition sets up: (1) That appellant is an heir at law and a legatee under the last will and testament of Abraham Stephens, deceased; (2) the will of Abraham Stephens, deceased; (3) that Addie Wooster, Fannie Westover and Abraham Squires filed a bill in the Circuit Court to contest said will; (4) that petitioner took no part in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

said will contest; (5) that while the suit to contest the will was being tried and much of the evidence had been introduced the suit was compromised and a stipulation entered into between the contestants, Addie Wooster and Abraham Squires (the said Fannie Westover being dead) on one side and the defendants Mary Ella Chapman and Anna D. O'Harra on the other, which said stipulation was as follows:

"This agreement, made this 9th day of November, A. D. 1909, by and between Addie Wooster and Abraham Squires by Alfred G. Roberts, his curator, parties of the first part, and Mary Ella Chapman and Anna D. O'Harra, parties of the second part, Whereas said parties of the first part have heretofore filed a bill in the Circuit Court of McLean county, Illinois, to set aside the will of the said Abraham Stephens, deceased, said will having been dated December 10, 1908. Whereas said parties of the second part, with other parties, were made defendants to said bill. Whereas it is the desire of the parties hereto to settle said litigation. It is therefore agreed by and between the parties as follows: First. That there shall be a decree of said Circuit Court confirming said will. Second. That said Mary Ella Chapman and Anna D. O'Harra do hereby assign to George L. Parker of Bloomington, Illinois, their legacies and devises given to them under said will, in trust, as hereinafter provided, that is to say, that upon the payment to the trustee by the said parties of the first part, or the administrator with the will annexed of said Abraham Stephens to be hereinafter appointed the sum of Sixty-one Thousand Eight Hundred Dollars ($61,800) the said legacies and bequests given to the said Mary Ella Chapman and Anna D. O'Harra shall be deemed paid and satisfied in full; and the receipt given by the said trustee for the same shall be deemed a full receipt for said legacies and bequests.

"That the said money so paid to said trustee shall be distributed and paid out as per directions of the said Mary Ella Chapman and Anna D. O'Harra. Third. That the said Sixty-one Thousand Eight Hun-

dred Dollars ($61,800) and the legacies given to Hulda Ellen Gloyd, Bertha Gloyd, Ralph Gloyd, Sherman L. Robbins, Minor Kimball, Howard Kimball, and Galen V. R. Gloyd, shall be paid by January 1, 1911; and such portion of said sum of money and said legacies shall not be paid within ninety days of this date, shall draw interest at the rate of six per cent per annum after said ninety days, until paid; which interest, the parties of the first part, or the administrator with the will annexed, shall pay. Fourth. The court costs of said suit are to be paid by the estate of the said Abraham Stephens in due course of administration. This agreement signed in duplicate the day and year first above written. The provision of the will relating to household goods shall stand. Mary Ella Chapman, Anna D. O'Harra, Addie Wooster, Abraham Squires.'' (6) That pursuant to said stipulation a decree was entered confirming said will. The $61,800 was paid to George L. Parker, trustee, as provided in the above stipulation and ordered paid out by Mary Ella Chapman and Anna D. O'Harra, the two legatees. The will bequeathed $15,000 to Mary Ella Chapman and one-third of the residue; to Anna D. O'Harra one-third of the residue of the estate; and to the children of Richard Stephens one-third of the residue of the estate. The legatees, Mary Ella Chapman and Anna D. O'Harra, are the two legatees who for $61,800 agreed that the will should be confirmed and their legacies paid by the payment of $61,800 to the trustee to whom the legacies are assigned.

The only question involved in this appeal is, whether or not the difference in the amount that Mrs. Chapman and Mrs. O'Harra would have received under the will and the amount for which they sold and assigned their legacies became intestate property and descended to the heirs at law of Abraham Stephens.

The contention of appellee is that the compromise agreement between the parties settling the will con-

test suit effected a purchase of the legacies of Mrs. Chapman and Mrs. O'Harra, leaving the will to stand, under which agreement those two legacies were assigned to Parker in trust; that the purchase was not made for the heirs at law of Abraham Stephens, but for such persons as Mrs. Wooster and Abraham Squires should choose to designate; and that in no event could petitioner, having refused to contest the will, profit by the fruits of that contest; and that the contest having resulted in a decree of court confirming the will, and the will having made all the testator's property testate, petitioner could and can demand only the specific legacy bequeathed to her by that will, and that no legacy bequeathed by the will having lapsed, there is and can be no intestate estate to descend to any heir at law.

The contention of appellee cannot be sustained. The stipulation contains no intimation that any person is to secure the benefit of the assignment of the legacies of Mrs. Chapman and Mrs. O'Harra to the trustee, unless it be inferred that the two contestants, who with the legatees signed the stipulation, are to be beneficiaries of the assignment. The contestants did not pay the $61,800, but it was paid from the funds of the estate by the administrator *de bonis non*. No secret advantage or profit could be obtained by the administrator of the estate from the use of funds belonging to the estate, neither could the money be loaned or advanced to Addie Wooster or Abraham Squires for the purpose of making profit for themselves. The legacies did not lapse, they were paid for from the funds of the estate and a large sum thereby saved, to wit, the $15,000 specific legacy and all of the two-thirds of the residuary legacies except such sum as was paid for the two residuary legacies plus the specific legacy. The money thus saved became intestate estate and should descend accordingly. The court erred in sustaining the demurrer and dismissing the petition, and

the case is reversed and remanded with directions to
overrule the demurrer.

*Reversed and remanded with directions.*